UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEMETRIS JOHNSON,<br><br>    Defendant. | Criminal No. 05-386-03<br>ESH/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. A detention hearing was conducted by the undersigned United States Magistrate Judge on October 28, 2005.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to

United States v. Johnson                                                                                                                  2

order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

      Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

      In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

      A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. §

United States v. Johnson                                                                                                              3

3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

The government introduced into evidence a written proffer summarizing the criminal histories of Defendant and the alleged co-conspirators, and the facts revealed during the course of the investigation which culminated in the indictment.  Additionally, the government proffered other information orally, and discussed the sections of the written proffer relevant to Defendant.  The government proffered that Defendant was a " near daily customer" of Antoine Jones, the alleged head of the conspiracy.  Furthermore, the government proffered that when a warrant was executed at Defendant's home, one-half of a kilogram of cocaine, $12,000 in cash, a small amount of marijuana, a digital scale, and small empty ziplocks were seized.  The written proffer identifies several conversations between Defendant and co-defendant Jones, in which according to the government, arrangements for narcotics transactions were discussed.  Finally, the government proffered that Defendant has a prior conviction in 1987 for cocaine possession and a 1994 arrest for battery.

Defendant called one of the investigators as a witness.  Defendant's counsel questioned the investigator about her characterization of discussions between Defendant and co-defendant Jones regarding the sale and purchase of "tickets," which the government maintains was a code word for cocaine.  The witness acknowledged that co-defendant Jones owns and operates a nightclub, Levels.  Defendant's counsel entered five exhibits into evidence which showed that

United States v. Johnson                                                                                                          4

Defendant operated a business which promoted various social events at Levels nightclub for which "tickets" were sold. The witness testified that no law enforcement officer involved in the investigation even saw any transfer of drugs between Defendant and co-defendant Jones.

Additionally, Defendant's counsel proffered that Defendant was not a risk of flight because of his significant ties to the community. Defendant owns his own business located in Prince George's County, Maryland; is a lifetime resident of the District of Columbia area; is married with children; and has many family members in the area.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant allegedly was significantly involved in a conspiracy to distribute wholesale quantities of cocaine and cocaine base, and that one half of a kilogram was found at Defendant's home during the execution of a search warrant on October 24, 2005.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, the undersigned has considered the evidence of Defendant's significant family and community ties, and his relative minimal criminal history. However, the undersigned finds that in this instance, Defendant's history and characteristics do not warrant a finding that the applicable presumption of dangerousness has been rebutted.

United States v. Johnson                                                                                                        5

Finally, the undersigned is satisfied that the toll which distribution of cocaine and cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the proffered evidence of Defendant's significant involvement in the distribution of controlled substances demonstrate that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's offer and proffer of evidence, and finds that while they arguably are sufficient to rebut the applicable presumption of fugitivity, they are wholly insufficient to rebut the applicable presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 28, 2005 Order of Detention.

                                                                                    /s/
                                                                        DEBORAH A. ROBINSON
                                                                        United States Magistrate Judge


    November 17, 2005
 DATE

    October 28, 2005
 NUNC PRO TUNC