UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 05-Cr-0386 (ESH) |
| | : | |
| **DEMETRIS JOHNSON,** | : | |
| Defendant | : | Judge Ellen Segal Huvelle |

*****

## DEFENDANT DEMETRIS JOHNSON'S
## MOTION TO REVOKE OR AMEND DETENTION ORDER
## AND FOR AN ORDER THAT HE BE RELEASED PRETRIAL

Defendant, Demetris Johnson, by undersigned counsel, hereby respectfully moves this Court pursuant to 18 U.S.C. § 3145(b) to revoke or amend the Order of Detention entered by the Magistrate Judge and instead release Mr. Johnson on personal recognizance, in the third party custody of his family or on any other condition or combination of conditions that the Court deems proper. The Magistrate Judge found that Mr. Johnson did not pose a risk of flight but detained him because she found that he did pose a risk of danger to the community, primarily on the basis of the charged drug conspiracy. This was error in that the evidence of family and community ties, employment, life-long residence in the community and a stale prior conviction when he was a teenager nearly 20 years ago was sufficient to rebut the presumption based on the charge and there was insufficient other evidence to prove by clear and convincing evidence that he posed a danger to others. Moreover, in this case where the Government has moved to waive speedy trial deadlines, pretrial detention is particularly onerous.

**The Law**

Pretrial detention implicates important interests of a defendant. Hence, the Bail Reform Act requires a judicial officer to release a defendant on personal recognizance or fashion "the least restrictive further condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B) & (e). Detention is authorized only where no conditions can satisfy those twin requirements. *Id.*; *see United States v. Alatishe,* 768 F. 2d at 370 (D.C. Cir. 1985). This Court's review of a pretrial detention order is *de novo* and the motion is to be determined "promptly." 18 U.S.C. § 3145(b). *See United States v. Leon*, 766 F.2d 77 (2d Cir. 1985).

In determining whether there are conditions of release, the judicial officer must take into account:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic offense;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the offense or arrest, the person was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government bears the burden of proof and with respect to the risk of danger to others,

the government's burden is by clear and convincing evidence. 18 U.S.C. § 3142(e) & (f); *Alatishe,* 768 F.2d at 371. For the type of offense with which Mr. Johnson has been charged – a federal drug offense that carries a statutory maximum term of imprisonment in excess of 10 years – the Act establishes a rebuttable presumption that no conditions will reasonably assure appearance by the person and the safety of the community and authorizes pretrial detention if that presumption is not rebutted. 18 U.S.C. § 3142(e). The statutory presumption does not shift the government's burden to the defendant, however. *Alatishe,* 768 F. 2d at 370-71. Rather, the presumption operates "to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *Id.,* at 371.

The rebuttable presumption for drug trafficking offenses was included because Congress believed that:

> Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism. Furthermore, the Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences.

*Alatishe* 768 F. 2d at 370, *quoting,* S.Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S.Code Cong. & Admin.News 1984, p. 3203.

None of the concerns that motivated Congress to include the presumption are present in this case as to Mr. Johnson. Mr. Johnson was otherwise gainfully employed and does not have a history

of recidivism such that if the Court were to release him with sufficient conditions to monitor his activities there is any danger that he will engage in drug distribution pending a trial of the case. Certainly, there is no clear and convincing proof that such a danger in fact exists. Moreover, although not an issue in this case as there is no allegation that he poses a risk of flight, there also is no evidence that Mr. Johnson was in the business of importing drugs so that he either has extensive foreign contacts or financial assets that could facilitate his fleeing to another country. Indeed, Mr. Johnson has appointed counsel.

Furthermore and most significantly, the very proof that satisfied the Magistrate Judge and the government that Mr. Johnson was not a risk of flight is sufficient to overcome the presumption as to risk of danger. *See United States v. Harrison*, 405 F.2d 355, 357 (D.C. Cir. 1968) (granting bond pending appeal to a defendant awaiting retrial on felony-murder charge that had been reversed multiple times on the basis that his "outstanding detention record, coupled with the appellant's strong area ties, his family's help, assured employment, and his apparent determination to live a useful and productive life are obviously factors to be weighed against any risk of danger that the nature of his offense would indicate"); *see also United States v. Carbone*, 793 F.2d 559, 561 (3d Cir. 1986) (defendant met "burden of producing evidence under § 3142(g) relating to character, family ties, employment, and length of residence in the community to rebut the presumption that he poses a danger to the community.")

**Factual Background**

Mr. Johnson is a life-long resident of this community with extensive family and community ties and responsibilities. He has two young children for whom he provided emotional and financial support, taking them to school on a regular basis and paying for preschool education for the younger

child. He has a stable relationship with a female who is gainfully employed. Mr. Johnson himself was lawfully and gainfully employed as a promoter of sports activities and also ran a business selling used automobiles. He has three siblings in the area, two of whom are married with children and each of whom is gainfully employed in private enterprise or in government jobs. As part of his charitable works and ties to the community, Mr. Johnson's business sponsored a children's sports team. He has never been imprisoned and has only a single prior offense, which occurred nearly 20 years ago when he was a teenager and for which he successfully completed a one-year term of probation.

He is charged in a multi-defendant conspiracy with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. The indictment does not allege any overt acts or otherwise provide any details of the alleged offense. When he was arrested, approximately 200 grams of cocaine powder, baggies and a scale and cash were found in the bedroom. No firearms or other weapons were found on Mr. Johnson's person or residence, however.

The government's theory of the case is that Mr. Johnson was one of the customers to whom the ringleader distributed cocaine. Mr. Johnson is heard on some of the tape recorded telephone conversations with Antoine Jones, whom the government alleges is a major distributor of cocaine but none of the conversations between the two explicitly discuss cocaine or drugs in general. Moreover, Jones ran a nightclub in Washington, D.C. at which Mr. Johnson held events in connection with his lawful sports promotion business. And despite extensive surveillance, the government did not observe any transfer of drugs between Mr. Johnson and any of the other alleged coconspirators.

**<u>Magistrate Judge's Decision</u>**

The Magistrate Judge erred in finding that Mr. Johnson's "significant family and community ties, and his relative minimal criminal history" did not rebut the applicable presumption of dangerousness. Detention Order at 4-5, attached as Exhibit 1. That finding is inconsistent with case law from this Circuit and others that have clearly held that a defendant rebuts the presumption of danger to others when he presents just the type of evidence presented by Mr. Johnson in this case. *See United States v. Harrison*, 405 F.2d 355, 357 (D.C. Cir. 1968) (granting bond pending appeal to a defendant awaiting retrial on felony-murder charge that had been reversed multiple times on the basis that his "outstanding detention record, coupled with the appellant's strong area ties, his family's help, assured employment, and his apparent determination to live a useful and productive life are obviously factors to be weighed against any risk of danger that the nature of his offense would indicate"); *see also United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991) (affirming bail conditions in case involving mafia boss charged with two RICO and five Travel Act offenses based in part on strong family ties and legitimate employment); *United States v. Carbone*, 793 F.2d 559, 561 (3d Cir. 1986) (defendant met "burden of producing evidence under § 3142(g) relating to character, family ties, employment, and length of residence in the community to rebut the presumption that he poses a danger to the community."); *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (evidence of defendants' economic and social stability, coupled with absence of any relevant criminal record, was sufficient to rebut presumption that defendants' involvement in a narcotics distribution organization presented a danger to the community).

Indeed, as the Seventh Circuit explained in *Dominguez*, applying the presumption of dangerousness as the Magistrate Judge did in the instant case merely by reference to the alleged

6

charges and the fact that drug offenses cause harm to society without any specific facts to support a determination by clear and convincing evidence that the defendant will continue to traffic in drugs if released or has otherwise exhibited other indicia of future dangerousness would turn the rebuttable presumption into certain detention:

> Under the district court's interpretation, few if any defendants in narcotics cases could ever rebut the presumption of dangerousness and thereby defeat pretrial detention. A defendant can hardly be expected, after all, to demonstrate that narcotics trafficking is not dangerous to the community. Nor can a defendant "rebut" the government's showing of probable cause to believe he is guilty of the crimes charged.

*Dominguez*, 783 F.2d at 706.

Lastly, the Magistrate Judge's citation to *Alatishe* does not support its decision to detain Mr. Johnson because the defendant in *Alatishe* "offered *no* evidence whatsoever to rebut the presumption." 768 F.2d at 371 and n. 15 (emphasis original).

**Conclusion**

For all the reasons stated, Mr. Johnson respectfully requests that the Court revoke and amend the Order of Detention and release him on personal recognizance, to the third party custody of his family, on home detention with electronic monitoring or on other least restrictive condition or combination of conditions, which the Court determines are just and proper to reasonably assure Mr. Johnson's appearance and that he will not pose a danger to others. Moreover, in this case where the Government has moved to waive speedy trial deadlines, pretrial detention is particularly onerous.

Respectfully submitted,

/s/ Carmen D. Hernandez

Carmen D. Hernandez, Esquire
MD Bar # 03366
717 D Street NW, Suite 310
Washington, DC 20004
(202) 628-0090; (202) 628-2881 (fax)
Counsel for Demetris Johnson

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this 19th day of December, 2005, electronically served the above noted Motion to Revoke or Amend Detention Order and for an Order That He Be Released Pretrial on AUSA Rachel Carson Lieber and John V. Geise and on counsel for co-defendants.

/s/ Carmen D. Hernandez

Carmen D. Hernandez