UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 05-0386 (ESH) |
| DEMETRIUS JOHNSON, | ) ) ) | |
| Defendant. | ) ) | |

FILED
DEC 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

Defendant Demetrius Johnson, along with eight others, has been charged in a single-count indictment with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which is an offense punishable by ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii). At the government's request, a detention hearing was held before Magistrate Judge Deborah A. Robinson on October 28, 2005, at which time she ordered Johnson held without bond pursuant to 21 U.S.C. § 3142(e). On December 19, 2005, the defendant filed a motion under 18 U.S.C. § 3145(b) to review the magistrate's order and to obtain release pending trial. The government filed an opposition the same day and, in response to the Court's request at the December 19, 2005 status conference, filed a supplemental opposition on December 23, 2005. The Court, having reviewed the defendant's motion and the government's opposition and supplemental opposition, finds that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e). The Court therefore affirms the magistrate's decision and orders that Mr. Johnson be detained pending trial.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, a judicial officer "shall order" the detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). This determination is to be made based on a consideration of four factors: (1) the "nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). While the government is generally required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence, id. § 3142(f)(2), this burden does not apply in all cases. Where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et. seq.*, it is to be presumed that no set of conditions would be sufficient to reasonable assure the defendant's appearance and the community's safety. *Id.* This presumption is subject to rebuttal by the defendant. *Id.*

The Court finds that there is probable cause to believe Mr. Johnson was part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base -- a violation of the Controlled Substance Act punishable by a maximum term of life imprisonment, *see id.* § 841(b)(1)(A)(iii), thus raising a rebuttable presumption that no condition or set of

2

conditions will reasonably assure his appearance or the community's safety under 18 U.S.C. § 3142(e). The government presented substantial evidence connecting Johnson to Antoine Jones, the subject of an extensive federal narcotics investigation involving a wire tap on Jones' cell phone, other phone records, physical surveillance and searches at multiple locations. As clarified by the government in its supplemental opposition, Johnson was one of numerous individuals meeting with and speaking to Jones by telephone in a manner consistent with the operation of a widespread drug distribution network. On the day Johnson was arrested, officers recovered one-half kilogram of cocaine, $12,000.00 in cash, ziplock baggies, a digital scale and a small amount of marijuana from Johnson's home. Such information is more than sufficient to support a finding that defendant was involved in drug dealing and was a knowing participant in Jones' drug conspiracy.

In attempting to rebut the presumption raised under Section 3142(e), Johnson cites his "substantial ties" to the Washington, D.C. area. Johnson further argues that his work with inner-city children through DJ Sport Foundation mitigates the government's argument that he poses a threat to the community. Without dwelling on the merits of Johnson's attempt to focus on his character, employment and family and community ties, it is sufficient to note that this is only one of four factors the Court must consider in determining the appropriateness of pretrial detention. Each of the remaining factors speaks to the need for detention in this case. First, the offense charged is an extremely serious one "involv[ing] a narcotic drug" and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the unrebutted evidence indicates that a substantial amount of cocaine and drug paraphernalia was found in his home. *See id.* § 3142(g)(4). Third, Johnson has a previous conviction for an offense related to drug distribution

3

and tested positive for cocaine prior to his confinement on October 25, 2005. Thus, there is more than ample evidence upon which to conclude that he was involved in a large-scale drug conspiracy which, regardless of his work with children, constitutes a serious threat to the community. When this factor is considered along with the other relevant factors, it is clear that defendant cannot overcome the law's presumption against pretrial release.

The Court hereby denies defendant's Motion and affirms the detention order of Magistrate Judge Robinson. In accordance with 18 U.S.C. § 3142(i), the Court directs that Mr. Johnson remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

Date:   December 28, 2005

cc:   Magistrate Judge Deborah Robinson